**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARY P. GROESBECK, BAR NO. 4280

No. 65036

**FILED**

AUG 0 1 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for attorney discipline deriving from two state bar complaints. SCR 105(3)(b). The panel recommends that attorney Mary P. Groesbeck pay a fine of $10,000 to the State Bar, pay restitution of $1,000, and serve a six-year suspension from the practice of law. We approve.

In 2012 the State Bar filed two complaints against Groesbeck based on two grievances submitted against her.[1] In December 2009, Groesbeck was contacted by Anderson Adams, a California resident, for help with a child support collection matter. Groesbeck requested and Adams provided a signed retainer agreement and $1,000. The money was deposited in Groesbeck's trust account on January 25, 2010. Bank records

---

[1]We have considered discipline of Groesbeck previously when we transferred her to temporary disability inactive status in 1998 pursuant to a joint petition from Groesbeck and the state bar. We later reinstated her in 2002, subject to a two-year probationary period and several conditions to enable the monitoring of her practice. *In re Reinstatement of Groesbeck,* Docket No. 37967 (Order Granting Petition for Reinstatement, March 6, 2002).

14-25250

show that the balance of the account fell below $1,000, but Groesbeck never produced any actual work for Adams. It is unknown where the money went. Ultimately, Adams sought relief through the State Bar's fee dispute resolution program, and was awarded the full $1,000 by the arbitrator. After repeated attempts to contact Groesbeck at all known addresses regarding the fee dispute and the grievance, on June 22, 2012, the State Bar filed a complaint against Groesbeck alleging violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The second grievance involved Groesbeck's failure in 2011 to return a client file to attorney Michael Warhola, for whom Groesbeck had been working. The client had obtained new counsel in July 2011, and Groesbeck agreed to inventory the file, prepare a statement of inventory, and copy the file to new counsel. Groesbeck took possession of the file. Throughout the next few months, Warhola sent Groesbeck numerous texts, letters, e-mails, and phone messages attempting to retrieve the file. Meanwhile, Groesbeck apparently moved to Minnesota to an address she gave Warhola but never reported to the State Bar. In November and December 2011, the State Bar attempted to contact Groesbeck at all known addresses about the file. Groesbeck did return acknowledgment of receipt of the communications, but otherwise failed or refused to respond. Finally, the State Bar filed a complaint against Groesbeck on July 29, 2013, alleging violations of RPC 8.1 (bar admission and disciplinary matters) and RPC 8.4 (misconduct).

The complaints were consolidated and the State Bar sent notice to Groesbeck at addresses in Las Vegas, Henderson, and Minnesota.

The return receipt card mailed to Groesbeck's listed personal address in Minnesota was returned, signed by Groesbeck. But she did not submit any verified answers to the complaints or otherwise respond. According to testimony of Investigator Dawn Reid, who had found a telephone number for Groesbeck and had spoken to her about the scheduled hearing, Groesbeck stated that she was in default and did not care when the hearing would be held, and "David can take my law license, I don't care." Groesbeck refused to further respond or attend the hearing, and proceedings were conducted on a default basis pursuant to SCR 105(2). The hearing was held December 16, 2013. Groesbeck did not attend. The State Bar presented testimony from Michael Warhola and Anderson Adams.

Based on the testimony and documentation supporting the complaints, the panel concluded that, with respect to the first complaint involving Adams, Groesbeck violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). As to the second complaint involving Warhola, the panel found Groesbeck violated RPC 8.1 (bar admission and disciplinary matters) and RPC 8.4 (misconduct). Pursuant to SCR 102.5, the panel considered aggravating and mitigating factors. Aggravators included (1) prior disciplinary offenses, (2) a pattern of misconduct, (3) multiple offenses, (4) bad faith obstruction of the proceedings by intentionally failing to comply with rules or orders, (5) refusal to acknowledge the wrongful nature of her conduct, (6) vulnerability of the victim, (7) substantial experience in the practice of law, and (8) indifference in making restitution. The panel found two

mitigating factors: (1) personal or emotional problems, and (2) character or reputation, based on Warhola's testimony.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

We conclude that there is clear and convincing evidence in the record before us that demonstrates that Groesbeck committed the misconduct and violations of the Rules of Professional Conduct as found by the hearing panel, and that the panel's recommendation is an appropriate sanction.

Accordingly, attorney Mary P. Groesbeck is hereby suspended from the practice of law in Nevada for six years. At the completion of her term of suspension, Groesbeck shall comply with SCR 116 upon any petition for reinstatement. Further, Groesbeck shall show proof of successful completion of the Nevada State Bar Examination and the Multistate Professional Responsibility Examination prior to reinstatement, if any. *See* SCR 116(5). Groesbeck shall pay restitution of $1,000 to Anderson Adams, and a fine of $10,000 to the State Bar. Pursuant to SCR 120, Groesbeck shall also pay the costs of the disciplinary proceedings. Groesbeck shall comply with SCR 115 and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Douglas

_____, J.          _____, J.
Cherry                        Saitta


cc:    Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       David Clark, Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Mary P. Groesbeck
       Perry Thompson, Admissions Office, United States Supreme Court